(Reap. Dec. 9959)

BRUCE MARBLE & GRANITE WORKS ET AL. *v*. UNITED STATES

Entry No. 2261–H, etc.

(Decided March 24, 1961)

*Stein & Shostak* (*Marjorie M. Shostak* of counsel) for the plaintiffs.
*William H. Orrick, Jr.,* Assistant Attorney General (*Mollie Strum,* trial attorney), for the defendant.

JOHNSON, Judge: The merchandise involved in these appeals for reappraisement, consolidated at the trial, consists of marble statuary, imported from Italy between January 28, 1956, and April 4, 1958.

The merchandise was entered at the unit invoice prices, less nondutiable charges, and was appraised at higher unit values, less nondutiable charges. In reappraisement Nos. R59/11650 and R59/11651, the merchandise was appraised at the unit invoice prices, plus 30 per centum, less nondutiable charges.

It is the contention of the plaintiffs that the manufacturer, Bruno Tavarelli Marble Co., makes three grades of marble statuary; that pricelists are issued covering the various grades; that the merchandise may be purchased by anyone who cares to buy at the prices shown for the respective grades on the pricelists; and that the imported merchandise is grade-3 statuary.

At the trial, there was received in evidence an affidavit of Floyd D. Parks, manager of the importing company, which states that all of the statuary ordered and received by the company from Bruno Tavarelli Marble Co. consisted of statuary in "White Carrara 'D' Commercial finish, Grade 3"; and that, in such articles, the more complicated folds had been eliminated from the garments and less preciseness in the hands and faces was required.

There were also received in evidence a set of three pricelists for grade-3 commercial finish merchandise, dated December 1956, February 1958, and January 1959, respectively, and one undated pricelist for grade-2 semiartistic finish merchandise. The prices on these lists are c.i.f. Houston, New Orleans, or Atlantic ports. The one for grade 3, dated December 1956, also contains the following:

Prices for Wholesale Firm increase of approximate 30%

Prices for retail Firms increase on a variable percent over the prices for rentail [*sic*] Firms.

The other pricelists do not contain these statements.

Counsel for the respective parties stipulated:

MISS SHOSTAK: Plaintiff offers to stipulate that the prices at which the statuary is invoiced in each of the invoices covered by the consolidated appeals for reappraisement represents the price shown in the Grade 3 price lists received in evidence as Plaintiff's Collective Exhibit 2, and that the appraised values set out on each of the invoices in red ink represent the Grade 2 price list for the respective statues of the same number.

Plaintiff further offers to stipulate that all of the merchandise covered by the respective invoices is Grade 3, and that the merchandise of all grades is offered by the manufacturer in the country of exportation to anyone who wishes to purchase for exportation to the United States in the ordinary course of trade at the prices shown on the respective price lists for the respective grades, and that the price at which said statuary is offered and sold for home consumption, if any, is no higher.

MISS STRUM: I have consulted the officials at this port, and Acting Appraiser Shelby White, who is present in court today, has heard the offer to stipulate. He is familiar with the facts in these cases, and therefore the Government so stipulates.

MISS SHOSTAK: The plaintiff contends that the statuary covered by all of the consolidated appeals for reappraisement is properly dutiable at its export value under Section 402, and that the invoice prices represent the export values.

On the record presented, I find that as to the merchandise entered, or withdrawn from warehouse, for consumption prior to February 27, 1958, export value, as that value is defined in section 402(d) of the Tariff Act of 1930, is the proper basis for the determination of the value of said merchandise, and, as to the merchandise entered, or withdrawn from warehouse, for consumption on and after February 27, 1958, export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of that merchandise, and that the respective invoice prices, less nondutiable charges represent said export values.

Judgment will be rendered accordingly.